NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVETTE GIBBONS,<br><br>        Plaintiff,<br><br>  v.<br><br>THE NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, STEPHEN TAYLOR, RONALD CHILLEMI, and NICOLE RIZZOLO, *in their individual capacities*,<br><br>        Defendants. | Civil Action No. 14-cv-7686 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

  This matter comes before the Court upon Defendant Stephen Taylor's motion to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. The Court has considered the parties' submissions. For the reasons expressed in this Opinion, the Court will deny Defendant's motion.

  **I.**  **DISCUSSION**

  This case was initiated by a former Deputy Attorney General who claims that she was unlawfully passed over for a transfer based on her race, gender, and age. Plaintiff Yvette Gibbons worked at the Department of Law and Public Safety ("L&PS") in the Medicaid Fraud Section. According to the Complaint, in 2001 Plaintiff sought to transfer to the Financial Crimes Unit, and she sent a request to Defendant Stephen Taylor, who was then the Director of the

Division of Criminal Justice.  Plaintiff was not selected for the transfer, though she alleges that younger, white employees were permitted to do so.

In July of 2014, Plaintiff filed a Complaint in the Superior Court of New Jersey.  In relevant part, the Complaint seeks relief under 42 U.S.C. § 1983 ("Section 1983") and the New Jersey Civil Rights Act ("NJCRA"), for alleged constitutional violations, and it names Stephen Taylor as a Defendant in his individual capacity.  (Docket Entry 1-1).  On December 18, 2014, Defendant Taylor moved to dismiss with prejudice Counts Two and Five against him.

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).  Defendant argues that, as a matter of law, he is not subject to Plaintiff's Section 1983 claim or corresponding NJCRA claim because he is not a "person" under those statutes.

The Court notes that Defendant's cited authority pertains to suits against state officials in their official capacities.  Here, Plaintiff names Defendant Taylor in his personal capacity.  That renders Plaintiff's Section 1983 claims viable.  Garden State Elec. Inspection Servs. v. Levin, 144 F. App'x 247, 251 (3d Cir. 2005) ("State officers sued for damages in their official capacities are not 'persons' under § 1983 because they assume the identity of the government . . . .  By contrast, officers sued in their personal capacities come to court as individuals . . . . [and] thus are 'persons' under § 1983.").  Similarly, NJCRA claims may be brought against state officials in their personal capacities.  See, e.g., Williams v. N.J. Div. of State Police, No. 10-cv-3478 (DRD), 2012 WL 1900602, at *1 (D.N.J. May 24, 2012) ("[T]he claims arising from the New Jersey Civil Rights Act, may proceed against Troopers Dellagicoma and Valente in their individual capacity[.]").  Defendant emphasizes that the claims against him factually pertain to action he allegedly took in his official capacity.  Yet state actors are subject to Section 1983

liability for conduct falling within their official function or authority.  <u>Hafer v. Melo</u>, 502 U.S. 21, 28-29 (1991) (holding that state officials are subject to 1983 liability for acts taken under color of state law); <u>see also</u> <u>Garden State</u>, 144 F. App'x at 247 (finding plaintiff's choice to name defendant in personal capacity "more than 'a mere pleading device.'") (quoting <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989)).  Finally, Defendant makes passing reference to being immune from suit under Title VII; it appears to the Court that the counts which Defendant moves to dismiss do not rest upon that authority.

**II.    CONCLUSION**

For the reasons above,

**IT IS** on this 19th day of February, 2015,

**ORDERED** that Defendant's Motion to Dismiss [Docket Entry 2] be and hereby is **DENIED**.

 s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge