**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVETTE GIBBONS,<br><br>        *Plaintiff*,<br><br>v.<br><br>THE NEW JERSEY DEPT. OF LAW AND PUBLIC SAFETY, et al.,<br><br>        *Defendants*. | Civil No. 14-cv-07686(KSH)(CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.**     **Introduction**

Yvette Gibbons ("Gibbons")[1] was a Deputy Attorney General with the defendant New Jersey Department of Law and Public Safety ("NJDLPS") before she was terminated from her position in August 2012. (D.E. 1-1 ("Compl.") ¶¶ 1-15.) Before the Court is Gibbons' motion to remand this action to state court. (D.E. 118.) For the reasons set forth below, the Court grants the motion.

**II.**     **Background**

On July 31, 2014, Gibbons filed a complaint against the NJDLPS and individual NJDLPS employees Stephen Taylor ("Taylor"), Ronald Chillemi ("Chillemi"), and

---

[1] On June 3, 2019, Gibbons' counsel withdrew from the matter and she now proceeds *pro se*. (D.E. 111, 112, 116).

1

Nicole Rizzolo ("Rizzolo") (collectively "individual defendants") in the Superior Court of New Jersey, Law Division, Union County. (*See generally* Compl.) She claimed to have been unlawfully passed over for a transfer based on her race, gender, and age, alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD") (count one), the equal protection clause of the 14th Amendment, 42 U.S.C. § 1983 ("§ 1983") (counts two, three, and four), and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2(C), et seq. (counts five, six, and seven). (Compl. ¶¶ 16-57.) Relying on the § 1983 claims asserted against Taylor, Chillemi, and Rizzolo, the defendants removed the matter to the District of New Jersey based on federal question jurisdiction. (D.E. 1.)

Taylor filed a motion to dismiss in December 2014, which Judge Chesler denied on February 20, 2015. (D.E. 8.) In early 2016, Gibbons filed a motion for a protective order to prohibit the disclosure of her medical records (D.E. 23) and defendants filed a cross-motion to compel disclosure. (D.E. 24.) On May 3, 2016, Judge Waldor denied defendants' motion and entered a protective order covering Gibbons' medical records. (D.E. 37.)

This matter was reassigned to this Court on May 19, 2016. (D.E. 40.) Discovery concluded on April 1, 2019, except for supplemental requests arising out of a deposition that Gibbons had not previously known about. (D.E. 112.) On July 15, 2019, Judge

Waldor ordered entry of the final pretrial order[2] and granted defendants leave to file a motion for summary judgment. (D.E. 113-114.) The NJDLPS has yet to file this motion.

On May 7, 2019, individual defendant Rizzolo was administratively dismissed from the matter after Gibbons failed to timely serve her. (D.E. 109). On August 16, 2019, all parties consented to the dismissal of the remaining individual defendants, Taylor and Chillemi. (D.E. 116.) Presently, only count one remains, which alleges violations of the NJLAD against the NJDLPS (count one). Gibbons moved to remand this action on September 6, 2019. (D.E. 118, 123.) The NJDLPS opposes this motion. (D.E. 120.)

## III. Discussion

Defendants removed this matter based on federal question jurisdiction; Gibbons alleged in her complaint that the individual defendants denied her rights and protections guaranteed by the equal protection clause, in violation of § 1983. 28 U.S.C. § 1331. As Rizzolo, Taylor and Chillemi have now all been dismissed from the case, so too have the constitutional claims alleged against them. (D.E. 109, 116.) Therefore, because "the basis underlying Defendant's removal is no longer valid," Gibbons argues that the Court's lack of subject matter jurisdiction compels remand of this matter back to state court. (D.E. 118-3 ("Moving Brief") at 4-5.)

---

[2] The Court filed the defendants' proposed joint pretrial order after Gibbons failed to respond or object to it by the scheduled date. (D.E. 113, 114.)

3

The NJDLPS contends that remand is not mandatory and argues that the Court should exercise its discretion and retain supplemental jurisdiction based on its history with the case, which it characterizes as being on the "eve of trial."[3] (D.E. 120, ("Opposition Brief"), at 7.) It asserts that "[a]t this advanced stage in litigation, it would run contrary to the principles of judicial economy, convenience, and fairness to remand the matter" and points out that the case is more than five years old, the parties have submitted a joint pretrial order, and Judge Waldor granted it leave to file a summary judgment motion. (*Id.* at 1.)

The NJDLPS notes that the parties have "expended an extraordinary amount of time and resources" into this case and that the Court has also "dedicated significant time and resources" managing the proceedings. (Opposition Brief, at 6.) For example, the NJDLPS asserts that the Court "made an important pretrial ruling" in granting Gibbons' protective order. (*Id.* at 6-7.) The NJDLPS further argues that, because Gibbons pled the same set of facts for the NJLAD claim as she did for the now dismissed § 1983 and NJCRA claims, that it is appropriate for the Court to retain jurisdiction. (Opposition Brief, at 7-8.)

In response, Gibbons argues that considerations judicial economy, convenience, and fairness, in reality, favor remand. (D.E. 123 ("Reply Brief") at 3.)[4] She notes that

---

[3] Neither party has requested a trial date nor has one been scheduled by the Court.
[4] Preliminarily, Gibbons argues that because the NJDLPS consented to the dismissal of the federal claims, its opposition to the remand motion is invalid. (Reply Brief, at 1-2.) The Court is persuaded by her other considerations and need not address this argument.

4

this Court is not particularly familiar with the facts of the case: the parties have not engaged in mediation by order or consent, neither party has filed substantive motions, and no settlement conferences have been held or scheduled.[5] (Reply Brief, at 5.) She asserts that "all litigation conducted thus far will be equally applicable to the state court proceedings." (*Id.*)

Gibbons offers additional observations about this matter that suggest the remand would serve interests of efficiency and equity. She notes that the NJDLPS's motion for summary judgment, which has not yet been filed, can be brought in state court and "[t]hus, any time expended on the motion will not be wasted." (Reply Brief, at 5.) Similarly, she maintains that the joint pretrial order remains applicable in state court and thus, like any time spent on the summary judgment motion, it is "not wasted." (*Id.* at 6.) She further notes that the matter was delayed because the NJDLPS substituted counsel four times and its witnesses were "constantly unavailable."[6] (*Id.* at 6.) Gibbons maintains that Judge Waldor granted her motion for a protective order and prevented defendants from accessing her medical records because they were irrelevant to her damages claim, and thus, the Court's ruling on the matter will have no bearing on the NJDLPS's presentation of evidence going forward. (Reply Brief, at 6.) She further argues that the NJDLPS's focus on the similarity of facts between her

---

[5] Gibbons also notes that the NJDLPS has declined her offer to engage in settlement discussions. (Reply Brief, at 5.)
[6] Between 2015 and 2017, multiple substitutions of attorneys took place. (D.E. 9, 32, 49, 68, 77, 85.)

dismissed federal claims and remaining state law claim is inappropriate; the "nature of the relief sought is the only relevant factor and here that factor is the [NJLAD]." (Reply Brief, at 6-7.)  Finally, she cites to principles of comity and argues that the case should be remanded because New Jersey courts have more familiarity and experience with the NJLAD. (*Id.* at 7-8.)

Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the [] defendants, to the district court of the United States[.]"  28 U.S.C. § 1441(a).  Once an action has been removed from this Court, a plaintiff can challenge the removal by moving to remand the case back to state court.  28 U.S.C. § 1447.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

Supplemental jurisdiction is a "doctrine of discretion."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  "[W]here the claim over which the district

6

court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (citing *Gibbs*, 383 U.S. at 726.) If these considerations are not present, the Court "should hesitate to exercise jurisdiction over state claims…Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties[.]" *Gibbs*, 383 U.S. at 726–27.

When, as here, a party raises concern over supplemental jurisdiction in a case that was removed from state court, the "analysis is even more restrictive than when the analysis is applied to a complaint originally filed in federal court." *Jones v. Virtua Health, Inc.*, 2017 WL 77411, at *2 (D.N.J. Jan. 9, 2017) (Hillman, J.); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin* 45 F.3d at 788) ("This Court has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (emphasis in original)). Ultimately, however, a "district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely

7

discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing *Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)).[7]

Multiple factors compel the Court to decline the continued exercise of supplemental jurisdiction and remand this matter to state court. As already has been stated, no federal cause of action remains; the complaint only alleges violations of New Jersey's anti-discrimination law. Although the Court is "bound to apply state law…needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. 726-27.

Second, although the Court acknowledges that this case is in the later stages of litigation—discovery has concluded, a pretrial order has been docketed, and defendants were granted leave to file for summary judgment—this motion was filed before trial and thus well within the permissible time for the Court to order remand. In fact, because the discovery period has concluded and the NJDLPS is poised to file for summary judgment, this remand motion comes at an efficient juncture. The parties are not in the thick of the discovery process and the anticipated summary judgment motion has not been filed. Even were that motion filed, however, the Court could still properly

---

[7] Gibbons cites to 28 U.S.C. § 1447(c) and asserts that because the federal claims have been dismissed, the Court must remand the case because it lacks subject matter jurisdiction. *See* (Moving Brief, at 4-5 (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."))) Although the Court agrees that this case should be remanded, such action is not mandatory. The Court's remand order here is not based on a jurisdictional defect, but rather, on its decision to decline to exercise continued supplemental jurisdiction over the remaining state law claim. *See Carlsbad Technology, Inc.*, 556 U.S. at 638-39.

remand this matter to state court. *See, e.g., Makwana v. Medco Health Services, Inc.*, 2016 WL 7477755, at *4–5 (D.N.J. 2016) (Vazquez, J.) (declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims because although "remand will certainly delay decision on the remaining summary judgment issues, the parties' central facts and substantive arguments should remain the same. Remand would serve the goals of judicial economy and comity by allowing the New Jersey courts to apply New Jersey law.") With respect to the final pretrial order, the Court agrees with Gibbons; this document is easily transferred to the new forum and will remain relevant.

Further, and contrary to the NJDLPS's assertions, the Court has had limited substantive dealings with this matter. Individual defendant Taylor filed the only dispositive motion and it was decided by Judge Chesler in 2015, before this case was reassigned. Albeit certain parties were dismissed, this happened by consent or as a result of administrative issues. Because the parties have not provided the Court with a reason to comprehensively review the merits of this case, it has no specific expertise such that retaining jurisdiction over the matter is more convenient, more economical or fairer than a remand to state court. Although defendants contend that this case is on the "eve of trial," no trial has been scheduled and indeed, their contemplated motion seeks a non-trial disposition of plaintiff's claims against them. Accordingly, the Court declines to exercise its supplemental discretion and remands this matter back to state court.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court grants Gibbons' motion to remand this matter to state court. An appropriate order will follow.

<u>/s/ Katharine S. Hayden</u>
Date: June 30, 2020　　　　　　　　　　　　　　Katharine S. Hayden, U.S.D.J.